IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHAWN LOUIS GOODMAN,<br><br>    Movant,<br><br>v.<br><br>UNITED STATES,<br><br>    Respondent. | HABEAS CORPUS<br>28 U.S.C. § 2255<br><br>CIVIL ACTION FILE NO.<br>1:17-cv-1093-RWS-JKL<br><br>CRIMINAL ACTION FILE NO.<br>1:04-cr-0033-RWS-JKL |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Movant seeks via 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This matter is before the Court for preliminary review of Movant's § 2255 motion [121] and on his motion seeking to proceed *in forma pauperis* [120]. Rule 4(b) requires the Court to order summary dismissal of a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings, Rule 4(b). For the reasons discussed below, it is recommended that Movant's § 2255 motion be dismissed for lack of jurisdiction.

In November 2004, following a trial by jury, the Court sentenced Movant to 112 months' imprisonment followed by three years of supervised release. [Doc. 107.] Movant was released from federal custody on September 4, 2012 and was

thereafter transported to North Carolina to serve a life sentence on an unrelated offense, where he remains incarcerated today.

On March 23, 2017, Movant submitted for filing the instant § 2255 motion, his first § 2255 motion in this action. [Doc. 121.] Movant asserts that newly discovered evidence will show that his constitutional rights to due process and the effective assistance of counsel were violated. Specifically, Movant claims that the FBI and U.S. Attorney's Office withheld exculpatory evidence that proves his innocence. Movant states that he did not discover this new evidence until November of 2016.

This action must be dismissed because the Court lacks jurisdiction over the instant petition. A federal prisoner whose sentence has expired before he files his § 2255 motion is not in custody under that sentence, and § 2255 cannot be used to challenge the expired sentence and related conviction. Under § 2255, a federal prisoner

> in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed to sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To come within § 2255's scope, the movant must be in custody under the sentence being challenged, and relief under § 2255 is unavailable for a sentence that has been completed. *See Diveroli v. United States*, 803 F.3d 1258, 1262 (11th Cir. 2015) (stating that movant must be in custody); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255."); *United States v. Hay*, 702 F.2d 572, 573 (5th Cir. 1983) ("Because Hay has completed his sentence, relief is unavailable under 28 U.S.C. § 2255."); *Counts v. United States*, 441 F.2d 1377, 1378 (5th Cir. 1971) ("[T]his motion is not properly within the scope of Section 2255 since petitioner has completed serving the sentence he now seeks to have vacated."); *Hollinger v. United States*, 345 F.2d 179, 179 (5th Cir. 1965) ("A proceeding under 28 U.S.C.A. § 2255 can be maintained only if the applicant is serving the sentence which is under attack."); *Sun v. United States*, 342 F. Supp. 2d 1120, 1125 (N.D. Ga. 2004) (holding that § 2255 "relief is not available to individuals that have completely served their federal sentence").

The custody requirement is jurisdictional. *Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cty.*, 683 F.3d 1261, 1263 (11th Cir. 2012) (discussing custody requirement under 28 U.S.C. § 2254); *Serrato v. United States,* No. 1:14-CV-1871-ODE-JSA, 2014 WL 6705459, at *2 (N.D. Ga. Nov. 26, 2014) (finding that jurisdiction was lacking because the movant was not in custody on the relevant conviction at the time he filed his § 2255 motion).

Movant's revocation term of 148 months (112 months in prison and three additional years of supervised release) was over by the time he filed the present motion on March 23, 2017. Movant was released from federal custody on September 4, 2012. Assuming he was then subject to 3 years' supervised release, his sentence would have expired on or about September 4, 2015. Accordingly, he was not in custody on this sentence at the time he filed the instant § 2255 motion. Absent the required custody, this Court lacks jurisdiction to consider this case.

For the reasons stated above, Movant's motion for leave to proceed *in forma pauperis* [120] is **DENIED** as unnecessary. *See Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3, Advisory Committee Notes*. It is further **RECOMMENDED** that Movant's § 2255 motion be dismissed for lack of jurisdiction and that a COA be denied.

The Clerk of Court is **DIRECTED** to withdraw the reference of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO ORDERED AND RECOMMENDED** this 7th day of April, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE